**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MIKAELA ELLENWOOD, Individually and On Behalf of All Others Similar Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>WORLD TRIATHLON CORPORATION, COMPETITOR GROUP HOLDINGS, INCORPORATED and COMPETITOR GROUP, INC.<br><br>                    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Mikaela Ellenwood ("Plaintiff"), by and through her undersigned counsel, on behalf of herself and a class of all others similarly situated (fully defined below), brings this action against Defendants, World Triathlon Corporation ("WTC"), Competitor Group Holdings, Incorporated and Competitor Group, Incorporated (collectively, "CGI") (together with WTC, "Defendants") (d/b/a IRONMAN and Rock 'n' Roll Marathon Series), for breach of contract, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**NATURE OF THE ACTION**

1. Plaintiff brings this class action lawsuit on behalf of all people who registered for and paid to participate in an IRONMAN event or Rock 'n' Roll Marathon Series event, which events are operated, organized, sponsored, and facilitated by Defendants, and have since been postponed or cancelled.

2. Because of the Novel Coronavirus, which causes the disease COVID-19, Defendants have attempted to reschedule or postpone many IRONMAN and Rock 'n' Roll

Marathon Series events scheduled to take place in 2020.  However, Defendants have refused to provide any refund for postponed or cancelled events, instead forcing Plaintiff and members of the class to either (1) participate in a re-scheduled event later in 2020 (if available), or (2) if an event has been entirely cancelled, re-register for a race in a different city on a different weekend or defer their participation to 2021.

3. As a result of the postponement or cancellation, Defendants have not delivered the events for which Plaintiff and members of the class paid.  Furthermore, many class members may not be able to arrange for, or feel comfortable with, participation in an event rescheduled for later in 2020, be able to participate in an event in a different city at another date, or be able and/or willing to have their registration deferred to a similar event in the same city in 2021.  The options provided by Defendants are not equivalent to what Plaintiff and members of the class bargained for, and because Defendants cannot provide them with the bargained-for benefit, Plaintiff seeks refunds on behalf of herself and the class as defined below.

4. Defendants should not be permitted to force Plaintiff and members of the class to bear the financial burden of the events cancelled as a result of COVID 19.  IRONMAN and Rock 'n' Roll Marathon Series events have been postponed or cancelled and, as a result, Defendants are not realizing the same level of operating costs for those events, which eliminates any potential justification for retaining the fees paid by Plaintiff and class members.  Moreover, Defendants do not have any legal entitlement to retain the monies.  Defendants' refusal to offer refunds to Plaintiff and members of the class is simply a maneuver by Defendants to maintain revenue and profit, regardless of whether paying customers can actually attend, and participate in, rescheduled or postponed events.

## PARTIES

5. Plaintiff is an individual who resides at 221 Inca Street, Denver, Colorado 80223. Plaintiff registered to participate in the Rock 'n' Roll Marathon Series half-marathon race in San Francisco, which was scheduled to take place on April 5, 2020. The race was cancelled, but Plaintiff was not refunded her fees nor offered the opportunity to seek a refund of those fees and, instead, her registration has been deferred to the same race in San Francisco on April 4, 2021.

6. WTC is incorporated under the laws of the State of Florida and maintains its headquarters at 2701 North Rocky Point Drive, Suite 1250, Tampa, FL 33607. WTC owns, operates, manages, and/or facilitates IRONMAN events including, but not limited to, IRONMAN triathlon, half-triathlon, and 5150 Triathlon Series events.

7. Competitor Group Holdings, Inc. is incorporated under the laws of the State of Delaware and maintains its headquarters and principal place of business at 9330 Scranton Road, Suite 150, San Diego, California 92121.

8. Competitor Group, Inc. is incorporated under the laws of the State of Delaware and maintains its headquarters and principal place of business at 9330 Scranton Road, Suite 150, San Diego, California 92121.

9. CGI together own, operate, manage, and facilitate the Rock 'n' Roll Marathon Series, which hosts various running events across the country, including in the State of Florida. CGI are both wholly-owned subsidiaries of WTC and are registered to do business in the State of Florida.

## JURISDICTION AND VENUE

10. The Court has personal jurisdiction over WTC because WTC is a corporation registered under the laws of the State of Florida and maintains its headquarters and principal

place of business at 3407 West Dr. Martin Luther King Jr. Boulevard, Suite 100, Tampa, Florida 33607.

11. The Court has personal jurisdiction over Competitor Group Holdings, Inc. because it is registered to do business and organizes and operates events in the State of Florida.

12. The Court has personal jurisdiction over Competitor Group, Inc. because it is registered to do business and organizes and operates events in the State of Florida.

13. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, since certain members of the class are citizens of States different from States in which Defendants are citizens and because the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

14. Venue is proper in this judicial district because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district.  28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

**I.    Defendants' IRONMAN and Rock 'n' Roll Marathon Series Events**

15. WTC owns, operates, manages, sponsors, and facilitates triathlons, half-triathlons, and a 5150 Triathlon series under their IRONMAN brand.  WTC acquired CGI in the summer of 2017 and now, in conjunction with CGI, also owns, operates, manages, and facilitates marathons, half-marathons, and other running races under the brand Rock 'n' Roll Marathon Series.

16. Each year, Defendants organize and host hundreds of IRONMAN events in the United States and also host many events abroad.  Defendants' IRONMAN events are recognized as the premier triathlon race events around the world.  In 2019, nearly 100,000 athletes competed in IRONMAN events sponsored and organized by Defendants.

17. Likewise, Defendants organize and host hundreds of Rock 'n' Roll Marathon Series races in more than 30 cities across the United States and abroad. The Rock 'n' Roll Marathon Series races, which began in 2012, have become extremely popular events with over 600,000 runners participating in various distance events every year.

18. To participate in IRONMAN or Rock 'n' Roll Marathon Series events, participants register online months in advance. Many participants travel to events and make the necessary arrangements to be able to participate in an event on a specific weekend. As a result, Plaintiff and members of the class registered and paid for participation in events which they knew they could attend.

19. Furthermore, the cost of events can range from $30 (for a Rock 'n' Roll Marathon Series 5K race) up to nearly $1,000 (for an IRONMAN triathlon event). Many members of the class have likely paid additional money for travel and accommodation expenses, as well. It is clear that Plaintiff and members of the class bargained for participation in an event in the city and on the date for which they signed up. By rescheduling or deferring events and refusing to provide refunds, Plaintiff and members of the class are not receiving the benefit of their bargain.

II. **Cancellation of Defendants' Events Due to COVID-19**

20. On December 31, 2019, governmental entities in Wuhan, China, confirmed that health authorities were treating dozens of cases of a mysterious, pneumonia-like illness. Days later, researchers in China identified a new virus that had infected dozens of people in Asia, subsequently identified and referred to as the novel coronavirus, or SARS-CoV-2. The illness caused by the virus has been termed COVID-19. By January 21, 2020, officials in the United States were confirming the first known domestic cases of COVID-19.

21. Due to an influx of thousands of new cases in China, on January 30, 2020, the World Health Organization ("WHO") officially declared COVID-19 as a "public health emergency of international concern."

22. On March 11, 2020, the WHO declared COVID-19 a pandemic.

23. In efforts to curb the spread of the virus, federal, state, and local governments have restricted the size of public gatherings, implemented orders mandating that people stay at home except for essential purposes, restricted the types of businesses which are able to remain open, and levied travel restrictions.

24. In response to the threat of COVID-19 and restrictions imposed by governmental entities across the United States, Defendants have postponed or cancelled numerous IRONMAN and Rock 'n' Roll Marathon Series events.

25. Specifically, Defendants have postponed and rescheduled races in select cities with the hope that the events will be able to take place later in 2020, or in 2021. On the runrocknroll.com and ironman.com websites, Defendants have provided the following information regarding postponed races:

> Postponement: Registered athletes for events that are postponed due to COVID-19 by the local health authorities are automatically transferred to the rescheduled date. For those that the new date does not work, we will allow deferrals into the same event the next year.

26. Other races have already been cancelled due to COVID-19 and restrictions implemented by governmental entities and health authorities. In the instance of cancellation, per the runrocknroll.com and ironman.com websites, Defendants have provided the following:

> Cancellation: Registered athletes for events that are cancelled due to COVID-19 by the local health authorities are automatically deferred to the same race in 2021.

27. In both cases, Defendants have failed to offer any refund option to Plaintiff and members of the class, and instead, have unilaterally rescheduled events (which may or may not happen) or provided participants the option to participate in a similar IRONMAN or Rock 'n' Roll Marathon Series race in a different city and on a different date. Defendants tout their response, boasting that they are providing flexibility to Plaintiff and members of the Class:

**Providing Flexibility to Athletes**

Certain races will be postponed or cancelled due to the outbreak and we will communicate these as soon as practical. Our goal will be to move the race to a date later in the year. We work in close partnership with the relevant public health authorities in the territories where the races take place and err on the side of safety for our athletes and the host community. If an event cannot occur on the scheduled date, we will take the following actions:

- Postponement: Registered athletes for events that are postponed due to COVID-19 by the local health authorities are automatically transferred to the rescheduled date. For those that the new date does not work, we will allow deferrals into the same event the next year.
- Cancellation: Registered athletes for events that are cancelled due to COVID-19 by the local health authorities are automatically deferred to the same race in 2021.
- Other options: We are vetting other options to allow displaced athletes to race in 2020 and will communicate those in due course.
- Athletes in Quarantined/Restricted Territories: For athletes in certain designated quarantine or restricted territories who have registered for races that take place before June 1, 2020 and have NOT been postponed or cancelled, we will aid in finding alternative races later in the season.

*For those who are sick, feel unwell, or have been potentially exposed to an infectious agent in advance of a race that will take place, do not come to the race; instead seek medical care. Once you have done so, contact the relevant Athlete Services representative for your race and we will attempt to find you another solution.*

In reality, Defendants' response is neither flexible nor understanding of participants' concerns, and only serves to prevent Plaintiff and members of the class from receiving the benefit of their bargain.

28. Ironically, by failing to provide a full refund, Defendants completely limit the flexibility of Plaintiff and members of the class and force them to decide whether or not they can attend and get accommodations for a different event.

**III.     Plaintiff's Purchase of and Registration for a Rock 'n' Roll Marathon Series Event**

29.     On November 26, 2019, Plaintiff, a Colorado resident, registered for the Rock 'n' Roll Marathon Series half-marathon race in San Francisco, California, which was originally scheduled to take place on April 5, 2020.  In exchange for participation in that race event on that day, Plaintiff paid $89.00 (plus a $14.99 processing fee).  By providing this consideration, Plaintiff entered into a contractual arrangement with Defendants.

30.     On March 14, 2020, Defendants notified Plaintiff via e-mail that, based on mandates from government officials, the Rock 'n' Roll Marathon Series half-marathon race slated to take place in San Francisco "…would not take place as planned on April 5, 2020.  The email stated there would be further updates.

31.     On May 6, 2020, Defendants then notified Plaintiff via e-mail that the Rock 'n' Roll Marathon Series half-marathon race in San Francisco was being cancelled.  Defendants represented to Plaintiff that her registration would simply be deferred and that she would be able to participate in the Rock 'n' Roll Marathon Series half-marathon race in San Francisco, which is scheduled to take place on April 4, 2021.

32.     On the runrocknroll.com website, Defendants provided the following information regarding the cancellation of the San Francisco event:

> We appreciate your continued patience since our last communication. Over the past weeks we have worked diligently with various host city partners to determine options. ***After assessing all event scenarios, the Rock 'n' Roll Half Marathon San Francisco, originally scheduled for April 5 cannot take place in 2020 and will return on April 4, 2021***.  All registered participants of the 2020 Rock 'n' Roll Half Marathon San Francisco will be receiving an email with further information.

Plaintiff has lost the opportunity to participate in the 2020 Rock 'n' Roll Marathon Series half-marathon race in San Francisco, California, and, despite recognizing this, Defendants did not

offer her a refund but, instead, are trying to force her participation in a subsequent substitute race.

33. Plaintiff is a resident of Colorado who made arrangements to specifically participate in this year's Rock 'n' Roll Marathon Series half-marathon event in San Francisco. By failing to provide Plaintiff with the option to be refunded the price she paid at registration, and thereby placing her in the same position she was in prior to entering into an agreement, Defendants have breached their contractual agreement with Plaintiff and committed violations of the FDUTPA.

## CLASS ACTION ALLEGATIONS

34. Pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), as applicable, Plaintiff seeks certification of the following nationwide class (the "Class"):

> All persons in the United States who registered for and purchased access to an IRONMAN or Rock 'n' Roll Marathon Series event scheduled to take place in 2020 which was postponed or cancelled, and who were not provided a refund.

35. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, members of their judicial staff, and any Judge sitting in the presiding court system who may hear an appeal of any judgment entered.

36. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

37. The Class meets the criteria for certification under Rule 23(a), (b)(1), (b)(2), (b)(3), and (c)(4).

38. **Risk of Inconsistent or Varying Adjudications. Fed. R. Civ. P. 23(b)(1).** As the proposed Class members include thousands of persons across all 50 states, there is significant risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants. For example, declaratory relief may be entered in multiple cases, but the ordered relief may vary, causing the Defendants to have to choose the court order with which it will comply.

39. **Numerosity. Fed. R. Civ. P. 23(a)(1).** Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, it is believed that the Class is comprised of tens of thousands if not hundreds of thousands of members geographically dispersed throughout the United States. Affected participant's names and addresses are available from Defendants' records, and Class members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include electronic mail, U.S. Mail, internet notice, and/or published notice

40. **Predominance of Common Issues. Fed. R. Civ. P. 23(a)(2) and (b)(3).** Consistent with Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

    a.    Whether Defendants engaged in the conduct alleged herein;

    b.    Whether Defendants are required to give a refund, rather than allow Class members to participate in a future event when they postpone or cancel an IRONMAN or Rock 'n' Roll Marathon Series event;

  c. Whether Defendants' conduct breaches the contracts formed between members of the Class and Defendants;

  d. Whether Defendants were unjustly enriched by retaining revenues and profits from fees paid by Plaintiff and Class members to participate in certain IRONMAN or Rock 'n' Roll Marathon Series events;

  e. Whether Defendants' conduct described herein constitutes violations of the FDUTPA; and

  f. Whether Plaintiff and members of the Class are entitled to injunctive relief, damages, costs, or attorneys' fees from Defendants.

  41. **Typicality. Fed. R. Civ. P. 23(a)(3).**  Plaintiff's claims are typical of other Class members' claims because Plaintiff and Class members were subjected to the same unlawful conduct and damaged in the same way.  Defendants' conduct that gave rise to the claims of Plaintiff and other Class members (i.e., cancelling or postponing events without giving refunds in breach of the contract created between Class members and Defendants) is the same for all Class members.

  42. **Adequacy. Fed. R. Civ. P. 23(a)(4).**  Consistent with Rule 23(a)(4), Plaintiff is an adequate representative of the Class because she is a member of the Class and is committed to pursuing this matter against Defendants to obtain relief for the Class.  Plaintiff has no conflicts of interest with the Class.  Plaintiff's counsel are competent and experienced in litigating class actions, including extensive experience in litigating consumer claims.  Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the interests of the Class.

  43. **Superiority. Fed. R. Civ. P. 23(b)(3).**  Consistent with Rule 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this

controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs and class members may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class members are relatively small compared to the burden and expense required to individually litigate their claims against Defendants and, thus, individual litigation to redress Defendants' wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Moreover, individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

44. **Declaratory Relief.** Class certification is also appropriate under Rule 23(b)(2) and (c). Defendants, through their uniform conduct, acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole. Moreover, Defendants continue to refuse to offer refunds to Plaintiff and Class members for IRONMAN and Rock 'n' Roll Marathon Series events that have been cancelled, thus making declaratory relief a live issue and appropriate to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Breach of Contract pursuant to Florida Law**
**(On Behalf of the Class)**

45. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Defendants entered into contractual agreements with Plaintiff and members of the Class, providing participation in IRONMAN or Rock 'n' Roll Marathon Series events in exchange for the payment of fees, which were remitted at the time of registration. Plaintiff and members of the Class performed their duties under the contract at the time of registration, many months before the actual events were scheduled to take place.

47. As part of the agreements, Defendants promised, *inter alia*, that they would provide events in certain locations and on certain dates. Due to the cancellation or postponement of IRONMAN and Rock 'n' Roll Marathon Series events, Plaintiff and Class members are unable to reap the benefit of their original bargain.

48. Rather than provide a refund to put Plaintiff and the Class members in the same position they would have been in had they not entered into contracts with Defendants, they have instead tried to alter the benefit provided under the contract. Defendants, instead, would require that Plaintiff and Class members (1) participate in a re-scheduled event later in 2020 (if available), or (2) if their event has been entirely cancelled, re-register for a race in a different city on a different weekend or defer their participation to the same event in 2021. These options are not reasonable substitutes of Defendants' performance due under the contracts.

49. By refusing to meet their obligations under the contracts with Plaintiff and Class members, Defendants have breached those contracts.

50. As a result of Defendants' breaches of contract, Plaintiff and members of the Class have incurred damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Florida Common Law Unjust Enrichment
**(On Behalf of the Class)**

51. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

52. Plaintiff and each member of the Class provided significant value to Defendants by paying to participate in IRONMAN and Rock 'n' Roll Marathon Series events. Depending on the event, registration and participation costed between $30 and $1,000 per Class member.

53. Defendants appreciated or had knowledge of the benefit received by retaining the money paid by Plaintiff and each member of the Class. In fact, Defendants recognize that the fees paid by Plaintiff and each member of the Class were in exchange for participation in IRONMAN or Rock 'n' Roll Marathon Series events in a certain location and on a certain date. Moreover, the fees were going to be used to offset operational costs, which Defendants have not had to bear since IRONMAN and Rock 'n' Roll Marathon Series events have been postponed or cancelled.

54. Although Defendants accepted Plaintiff's and Class members' payments and retained and received the benefit therefrom, they did not provide them with the promised benefit.

55. By failing to refund Plaintiff and members of the Class their registration fee paid to participate in IRONMAN or Rock 'n' Roll Marathon Series events scheduled to take place in a certain location and on a certain date, Defendants are being unjustly enriched.

## THIRD CAUSE OF ACTION
### Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*
**(On Behalf of the Class)**

56. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57. Plaintiff is a "consumer" who purchased goods or services from Defendants as defined in Fla. Stat. § 501.203(7).

58. The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat § 501.204.

59. By failing to provide refunds to Plaintiff and Class members to make them whole for the postponement or cancellation of IRONMAN and Rock 'n' Roll Marathon Series events, Defendants committed unconscionable acts or practices and unfair or deceptive acts or practices, in violation of FDUTPA. Fla. Stat § 501.204.

60. Defendants' violations of FDUTPA have caused Plaintiff and members of the Class to incur damages in an amount to be proven at trial. Fla. Stat. § 501.211. Furthermore, Plaintiff seeks reasonable attorneys' fees and costs. Fla. Stat. § 501.2105.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all putative Class members, respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

    a. For an Order determining the earliest possible time that this matter may proceed as a class action under Rule 23 and certifying this case as such;

    b. For herself and each Class member, their actual compensatory damages;

    c. For declaratory, equitable, or injunctive relief, and/or other relief;

    d. For reasonable attorneys' fees and costs of suit;

    e. For pre-judgment interest; and

    f. For such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, on behalf of herself and the Class of all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATE: May 22, 2020

Respectfully Submitted,

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian (FL Bar No. 61525)
1625 N. Commerce Parkway, Suite 320
Ft. Lauderdale, Florida 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
Email: nzipperian@sfmslaw.com

John F. Edgar (PHV forthcoming)
Michael R. Owens (PHV forthcoming)
**EDGAR LAW FIRM, LLC**
2600 Grand Blvd., Suite 400
Kansas City, Missouri 64108
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
Email: jfe@edgarlawfirm.com
          mro@edgarlawfirm.com

***Attorneys for Plaintiff and the Class***