UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKAELA ELLENWOOD, Individually
and On Behalf of All Others Similarly
Situated,

        Plaintiff,

v.

WORLD TRIATHLON CORPORATION,
COMPETITOR GROUP HOLDINGS, INC.,
and COMPETITOR GROUP, INC.

        Defendants.
_____/

Case No. 8:20-cv-01182-TPB-AEP

**DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**

Defendants World Triathlon Corporation ("WTC"), Competitor Group Holdings, Inc. ("CGH"), and Competitor Group, Inc. ("CGI") (collectively, "Defendants") move to bifurcate discovery in this putative class action. Judicial economy is served best in this case with bifurcated discovery. Defendants propose that phase one of the discovery be focused on the prerequisites for class certification and the merits of Plaintiff's individual claim. Defendants propose that phase two, class-wide merits discovery, follows only if Plaintiff has a viable legal claim and class certification is granted.

**BACKGROUND**

This case arises from the postponement of a half-marathon race due to the COVID-19 global pandemic. Plaintiff, a registrant for a Rock 'n' Roll Half-Marathon Series event set for April 5, 2020 in San Francisco, California (the "Half-Marathon Event"), complains that she should

have been provided a refund of her registration fee.[1] Under the plain language of her contract with CGI, Plaintiff agreed that she would not be entitled to any refund if the Half-Marathon Event was cancelled or postponed for any reason. Notwithstanding this, Plaintiff filed suit on behalf of herself and all persons in the United States who registered for an IRONMAN triathlon or Rock 'n' Roll Marathon Series event scheduled to take place in 2020 which was postponed or cancelled and who were not provided a refund. *See* (Doc. 1 ¶ 34).

The parties recently conducted a case management conference and proposed deadlines for the Court's case management and scheduling order. Defendants proposed bifurcating discovery into two phases. First, the parties would engage in discovery related to the merits of Plaintiff's individual claim and the class certification elements of Rule 23, Federal Rules of Civil Procedure. Then, should Plaintiff's class action complaint survive in whole or in part and should the proposed class be certified, the parties would engage in class-wide merits discovery. Plaintiff did not agree with this approach. Instead, Plaintiff believes class-wide merits discovery should start now. Defendants request that the Court adopt Defendants' proposed discovery timeline, which bifurcates class discovery in consideration of judicial economy, the claims raised in this lawsuit, and the discovery burdens on each party involved.

## **MEMORANDUM OF LAW**

"To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992). Indeed, all "[m]atters pertaining to discovery are committed to the

---

[1] Instead of receiving a refund, Plaintiff's 2020 registration was transferred to the same event in the same location for the year 2021.

sound discretion of the district court." *Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990) (rejecting claim that district court improperly stayed discovery pending outcome of motion to dismiss or for summary judgment). The Court should exercise its broad discretion and bifurcate discovery in this matter.

Bifurcating discovery will promote efficient litigation, judicial economy, and overall fairness for both sides. For one, Defendants believe this case can be resolved at the motion to dismiss stage. Plaintiff entered into a valid agreement which contains an explicit no-refund policy and force majeure clause. Plaintiff released all claims against Defendants, including those for breach of contract. The sufficiency and validity of Plaintiff's claims are in question. Expansive discovery concerning all potential class members is premature at this stage. *See Physicians Healthsource, Inc. v. Anda, Inc.*, 12-60798-CIV, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) ("The drafters of the Federal Rules of Civil Procedure similarly recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims."). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should. . . be resolved before discovery begins. . . . [N]either the parties nor the court have any need for discovery before the court rules on the motion").

Additionally, class merits discovery will be extensive and the burden of completing the discovery will fall almost entirely on Defendants. The proposed class could consist of tens of thousands of race participants and involve numerous events across the country. Plaintiff is an individual who registered to attend *one* half-marathon event. Plaintiff is likely to have a relatively small discovery burden, especially in comparison to that of Defendants. Defendants will therefore

shoulder the burden of any class merits discovery. This discovery will be costly and time-consuming and could be completely unnecessary if the Court determines that Plaintiff has no valid claims against Defendants. Likewise, discovery related to the class certification elements of Rule 23 could reveal that a class action is not appropriate. *See Degutis v. Fin. Freedom, LLC*, 2:12-CV-319-FTM-38, 2013 WL 10207621, at *2 (M.D. Fla. Oct. 18, 2013) (granting motion to bifurcate discovery, permitting immediate discovery into the merits of the named plaintiff's individual claim, and staying class certification discovery until after ruling on a forthcoming summary judgment motion); *Anda, Inc.*, 2012 WL 7856269, at *2 (same). The Court should defer class-wide merits discovery until Plaintiff establishes that her individual claims are valid, that she is a proper class representative, and that a class action is appropriate under these circumstances.

A minimal delay in class merits discovery will not prejudice the Plaintiff in any way. The parties are at the initial stages of litigation and Plaintiff has not yet demonstrated that she has a legal right to sue Defendants or that a class action is warranted.

## CONCLUSION

Plaintiff's class action complaint does not establish that Plaintiff has a valid claim or that a class should be certified. Bifurcated discovery is appropriate in this case to first determine the merits of Plaintiff's individual claims and the class certification elements of Rule 23, before the parties engage in expansive class merits discovery. For all of the foregoing reasons, Defendants respectfully request that the Court bifurcate class discovery as described herein.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned counsel hereby certify that they conferred with counsel for Plaintiff regarding the relief sought in this motion. Plaintiff opposes any bifurcation of discovery.

Dated this 12th day of August, 2020.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Dominic Kouffman*
Dominic Kouffman, FBN: 85099
dominic.kouffman@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Phone: (813) 227-8500

and

David Cannella, FBN: 983837
david.cannella@hklaw.com
200 S. Orange Ave., Suite 2600
Orlando, FL 32801
Phone: (407) 425-8500

*Attorneys for Defendants*

#77687318_v1